**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AKIN SEAN EL PRECISE BEY, | Civil Action No. 26-2794 (ZNQ) |
| Petitioner, | |
| v. | **OPINION** |
| WARDEN, FCI FAIRTON, | |
| Respondent. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner's habeas petition which seeks to challenge his conviction on kidnapping charges based on an alleged lack of jurisdiction. (ECF No. 1.) As Petitioner has now paid the applicable filing fee (ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice.

I.    **BACKGROUND**

Petitioner is a federal prisoner currently serving a life sentence imposed by the Eastern District of North Carolina for a conviction on kidnapping charges. (ECF No. 1 at 3.) In his habeas petition, Petitioner seeks to challenge that conviction on the grounds that he believes that his indictment and conviction rest on an improper assertion of federal jurisdiction on the bases of the

use of a vehicle and cellular telephones.  (*Id.*)  Based on this improper foundation, Petitioner seeks to have his conviction vacated and to be immediately released from custody.  (*Id.* at 4-5.)

## II.   <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.   <u>DISCUSSION</u>

In his habeas petition, Petitioner seeks to challenge his conviction on federal kidnapping charges asserting a lack of jurisdiction.  While a habeas petition brought pursuant to 28 U.S.C. § 2241 may properly be used to challenge the execution of a criminal sentence, such a petition may normally not be used to challenge the validity of the conviction or sentence themselves.  *See, e.g., Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001).  Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255

in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).

Although the Court of Appeals for the Third Circuit previously held that a petitioner could resort to a § 2241 petition in lieu of a § 2255 motion in the sentencing court in certain very limited circumstances, *see, e.g., In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), *abrogated by Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court "definitively foreclosed" this line of cases when it overturned them in *Hendrix*. *See In re Edwards*, 98 F.4th 425, 436 (3d Cir. 2024). A convicted federal prisoner may therefore not resort to a § 2241 habeas petition to challenge his conviction or sentence, regardless of whether the procedural rules of § 2255 may bar his claims. *Id.* A prisoner may only raise a challenge to his conviction or sentence of the type Petitioner seeks to raise in this matter though filing a motion to vacate sentence under § 2255 in his sentencing court, in this case the Eastern District of North Carolina. *Id.* This Court therefore lacks jurisdiction over Petitioner's habeas petition.

Where a district court lacks jurisdiction over a habeas petition, the Court may either dismiss the petition without prejudice or transfer the petition to the appropriate court if doing so would be "in the interests of justice." 28 U.S.C. § 1631. In a habeas matter such as this one, a transfer would only be in the interests of justice if Petitioner's claims would be heard by the court to which they would be transferred. *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015) (it is not within the interests of justice to transfer a habeas matter where there is "no indication" it would be permitted to proceed in the district of transfer). Although this Court could theoretically transfer this matter to the Eastern District of North Carolina to be considered as a motion to vacate sentence, the Court notes that Petitioner has previously filed a § 2255 motion which was denied in 2020. *See Bey v. United States*, No. 19-209, 2020 WL 1678930 (E.D.N.C.

Apr. 6, 2020), *certificate of appealability denied*, 855 F. App'x 891 (4th Cir. 2021).  Thus, if the Court were to transfer the petition, it would most likely be barred as a second or successive habeas petition brought without leave of the appropriate court of appeals, and subject to dismissal as such. *Edwards*, 98 F.4th at 436.  A transfer is therefore not in the interests of justice at this time, and Petitioner's habeas petition shall be dismissed without prejudice for lack of jurisdiction.

## IV.    <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**  An order consistent with this Opinion will be entered.

Date: June 2, 2026

_____s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**